UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELIA C. BECERRA, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　　Defendant. | No. 2:15-cv-0643-KJN <br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from October 1, 2006, plaintiff's alleged disability onset date, through June 30, 2008, plaintiff's date last insured. (ECF No. 19.) The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment. (ECF No. 23.) No optional reply brief was filed, and the motions were submitted for decision without oral argument.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 11.)

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

BACKGROUND

Plaintiff initially applied for DIB on November 14, 2006. (AT 106-07.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on December 2, 2008, and January 26, 2009. (AT 792-860.) The ALJ subsequently issued a decision dated March 19, 2009, determining that plaintiff had not been under a disability, as defined in the Act, from October 1, 2006, plaintiff's alleged disability onset date, through June 30, 2008, plaintiff's date last insured. (AT 111-19.) Thereafter, on January 14, 2011, the Social Security Appeals Council granted plaintiff's request for review and remanded the case to the ALJ for further proceedings. (AT 121-22.) On remand to the ALJ, the ALJ conducted further hearings on September 6, 2011; February 10, 2012; June 11, 2012; October 22, 2012; and March 5, 2013. (AT 68-105, 714-24, 725-51, 752-80, 781-91.) Ultimately, in a decision dated May 13, 2013, the ALJ again found that plaintiff had not been under a disability, as defined in the Act, from October 1, 2006, plaintiff's alleged disability onset date, through June 30, 2008, plaintiff's date last insured. (AT 20-32.) That May 13, 2013 decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for further review on January 20, 2015. (AT 1-3.) Plaintiff then filed this action in federal district court on March 23, 2015, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the ALJ's decision was based on reliable vocational information.

LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

THE ALJ'S FINDINGS

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[2]  As an initial matter, the ALJ found that plaintiff last met the

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

3

insured status requirements of the Act on June 30, 2008.  (AT 22.)  At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from October 1, 2006, her alleged disability onset date, through June 30, 2008, her date last insured.  (Id.)  At step two, the ALJ found that plaintiff had the following severe impairments during the relevant period: bilateral plantar fasciitis, bilateral Achilles tendinitis, coccyx arthralgia, and dysthymic disorder.  (Id.)  However, at step three, the ALJ determined that, during the relevant period, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 23-24.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") during the relevant period as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  She cannot climb ladders, ropes or scaffolds.  She should avoid concentrated exposure to vibrations and extreme temperatures.  She can remember, follow and carry out simple, routine tasks that do not require fast-paced production.  She can make simple work-related decisions and adjust to a few workplace changes.

(AT 25.)

At step four, the ALJ determined that, during the relevant period, plaintiff was capable of performing her past relevant work as an almond bin tender, both as actually and generally performed.  (AT 31.)  The ALJ also made some alternative findings at step five, noting that there were other jobs in the national economy that plaintiff could perform.  (AT 31-32.)  Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, at any time from October 1, 2006, plaintiff's alleged disability onset date, through June 30, 2008, plaintiff's date last insured.  (AT 32.)

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

DISCUSSION

Before this court, plaintiff does not challenge the ALJ's evaluation of the opinion evidence, the ALJ's adverse credibility findings, or the ALJ's assessment of plaintiff's RFC. Instead, plaintiff contends that the ALJ's findings at step four and five were not based on reliable vocational information.

More specifically, with respect to the step four finding, plaintiff contends that plaintiff's past relevant work of almond bin tender is not an unskilled job. Although plaintiff concedes that the vocational expert's ("VE") testimony, on which the ALJ relied to make his step four finding, was consistent with the Dictionary of Occupational Titles ("DOT"), plaintiff argues that the DOT has not been updated for decades, that the United States Department of Labor has abandoned use of the DOT, and that the DOT information is thus out-of-date and unreliable. Plaintiff posits that information from the Occupational Information Network ("O*NET") presently used by the United States Department of Labor suggests that the job of almond bin tender is not an unskilled job, but generally rated as requiring a specific vocational preparation ("SVP") rating of between 4 and 6, which is inconsistent with plaintiff's RFC. For the reasons discussed below, plaintiff's arguments are unpersuasive.

As an initial matter, plaintiff failed to properly raise this evidentiary issue before either the ALJ or the Appeals Council. The Ninth Circuit has held that, unless manifest injustice would result, claimants must generally "raise all issues and evidence at their administrative hearings in order to preserve them on appeal," at least when claimants are represented by counsel. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). This requirement is because the ALJ as the fact-finder, rather than a federal court reviewing under a substantial evidence standard of review, is the appropriate person to resolve factual and evidentiary inconsistencies, including conflicts concerning vocational information and testimony. Indeed, at the administrative hearing, the vocational expert is subject to cross-examination by plaintiff's counsel, and is on hand to address any inconsistencies between the expert's own statistics/information and those proffered by the plaintiff. To generally permit claimants to later second-guess a vocational expert's testimony and statistics in their federal court appeals, when the claimants failed to challenge such testimony in

the administrative proceedings below, would inject a significant amount of inefficiency into an already-delayed claim resolution process, and also impermissibly alter the scope of judicial review of Social Security claims.

In this case, plaintiff was represented by an attorney throughout the several years of administrative proceedings below. Although plaintiff's counsel apparently attempted to subpoena certain information and raw data from vocational experts, he did not even attempt to question the VE at the final March 5, 2013 hearing regarding any of the issues he now raises before this court, nor did he solicit the VE's opinion regarding the O*NET information he now wishes this court to consider. (AT 68-105.)[3] Furthermore, although plaintiff's counsel in a July 2, 2013 letter to the Appeals Council made a cursory reference to the fact that the DOT job classifications at issue were purportedly "inappropriate and inaccurate," he failed to develop that argument with any substantive reasoning or citation to legal authorities. (AT 279-80.)

As such, the court concludes that any issue concerning the reliability of the vocational information is waived. For the reasons discussed below, plaintiff has also not made an adequate showing of manifest injustice to overcome the waiver.

Even assuming *arguendo* that no waiver occurred, the court finds that the ALJ properly relied on the VE's testimony. The Commissioner's regulations and publications specifically identify the DOT as a reliable source of job information. See 20 C.F.R. § 404.1566(d) (explaining that the Commissioner takes "administrative notice of reliable job information available from various governmental and other publications" including the DOT); SSR 00-4p, at *2 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy. We use these publications at steps 4 and 5 of the sequential evaluation process."); see also Johnson v. Shalala, 60 F.3d 1428, 1434 & n.6 (9th Cir. 1995) (noting that the DOT is the

---

[3] The court expresses no opinion regarding the propriety of plaintiff's counsel's requested subpoena(s) in the context of the administrative proceedings. In any event, the information offered by plaintiff's counsel to this court is, as plaintiff's counsel himself notes, publically available. Thus, no subpoena was required to question the VE regarding that information at the administrative hearing.

Commissioner's "primary source of reliable job information"). Contrary to plaintiff's argument, the fact that the United States Department of Labor no longer uses the DOT is irrelevant, because Congress has vested the Commissioner with the authority to promulgate regulations and standards for the determination of disability, and the Commissioner is not bound by the regulations and policies of other agencies. See 42 U.S.C. §§ 421, 1383b. Although plaintiff cites to several cases in which a VE relied on O*NET information, those cases simply recognize the uncontroversial proposition that a VE may rely on other sources of reliable vocational information; they do not suggest that a VE is required to do so. In this case, the VE did not elect to deviate from the DOT and rely on an alternative source of vocational information, but instead based his testimony on the DOT. Such testimony was consistent with the Commissioner's regulations and applicable law, and thus constitutes substantial evidence on which the ALJ was entitled to rely. To the extent that plaintiff contends that the Commissioner's regulations should be amended and/or updated, such an argument for regulatory reform addresses a matter outside the limited scope of judicial review under the Act, and is best reserved for a different forum.

      Finally, even if the court were persuaded by plaintiff's arguments concerning the DOT, any error would nonetheless be harmless. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). As the Commissioner points out, the ALJ not only found that plaintiff could perform her past relevant work as an almond bin tender as generally performed in the economy (implicating consideration of the DOT), but also as plaintiff had actually performed it. (AT 31.) See Pruitt v. Comm'r of Soc. Sec., 612 Fed. App'x 891, 894 (9th Cir. 2015) (unpublished) (finding argument regarding DOT specification irrelevant where ALJ was evaluating whether the claimant could perform her past work as she actually performed it); Tweedy v. Astrue, 460 Fed. App'x 659, 661 (9th Cir. 2011)(unpublished) (finding it unnecessary to address claimant's argument regarding the DOT, which relates to the determination of how a job is generally performed in the national economy, where the ALJ concluded that the claimant could perform her past job as she actually performed it). Here, plaintiff has not challenged the ALJ's finding that plaintiff could perform her past relevant work as an almond bin tender as she actually performed it through any substantive

briefing or argument.  Thus, any such issue is waived.  See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

Consequently, the court concludes that the ALJ's step four finding should be affirmed. In light of that conclusion, the court declines to reach plaintiff's arguments with respect to the ALJ's alternative step five determination.

## V.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 23) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  December 30, 2016

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE